JUDGE SCHEINDLIN

Tonia Ouellette Klausner (Bar No. 2597110)
Joshua A. Plaut (Bar No. 4252342)
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

*Attorneys for Defendant*
*Hotels.com L.P.*

**08   CV   6073**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RAMON GARCIA and CARMEN GARCIA,

                              Plaintiffs,

        v.

HOTELS.COM L.P. and
CORPORACION H10 HOTELS, S.L.,

                              Defendants.



Case No. 08 Civ. ____

U.S.D.C. S.D.N.Y.
CASHIERS

## NOTICE OF REMOVAL

        PLEASE TAKE NOTICE that Defendant Hotels.com, L.P. ("Hotels.com" or "Defendant") hereby removes the above-captioned action from the Supreme Court of the State of New York for the County of New York, which is now pending, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

        1.        On May 20, 2008, an action was commenced in the Supreme Court of the State of New York for the County of New York, entitled *Ramon Garcia and Carmen Garcia v. Hotels.com, L.P. and Corporacion H10 Hotels, S.L.*, Index No: 106980/2008 (the "Action").

2.      According to an affidavit of service that Plaintiffs filed with the Supreme Court of the State of New York (the "Affidavit of Service"), Hotels.com was served with the Summons and Complaint on June 2, 2008.

3.      Upon information and belief, Co-Defendant Corporacion H10 Hotels, S.L. ("H10") has not been served in the Action.

4.      Thus, this Notice of Removal to the United States District Court for the Southern District of New York is timely pursuant to 28 U.S.C. § 1446(d) because it is filed within 30 days of Hotels.com's receipt of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999); *Glatzer v. Hanley*, No. 06 Civ. 15347 (DC), 2007 WL 1334971, at *3 (S.D.N.Y. May 8, 2007).

5.      Hotels.com has not yet responded to the Complaint, and the time in which to do so has not expired.

6.      As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81.1(b), attached hereto as Exhibit A are copies of the Complaint, Summons and Affidavit of Service, and Application for Index Number filed in the Action.  There are no other records or proceedings on file in connection with the Action in the Supreme Court of the State of New York for the County of New York.

7.      The Action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the Action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.  More specifically:

   a. The Complaint alleges that plaintiffs reside in the County of New York, City and State of New York. Compl. ¶ 1.

   b. At the time of the filing of the Action, Hotels.com was, and currently is, a Texas limited partnership with its principal place of business in Dallas, Texas.

c.   Corporate records compiled by Dun & Bradstreet Inc. indicate that at the time of the filing of the Action, H10 was, and currently is, a Spanish private limited liability company with its registered office in Barcelona, Spain.

d.   Based on the face of the Complaint, and without conceding that any claim asserted by Plaintiffs has merit or is properly stated, the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (amount in controversy for purposes of removal determined from complaint itself); *Chase Manhattan Bank, N.A. v. American Nat. Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("It is well settled that the sum claimed by the plaintiff controls if the claim is apparently made in *good faith*. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (internal quotation omitted).

e.   Plaintiffs allege that Hotels.com engaged in the business of matching hotels with prospective hotel guests via its internet website, Compl. ¶ 3; that Plaintiffs purchased prepaid hotel reservations at the Ocean Blue Golf & Beach Club in Punta Cana, Dominican Republic ("the Hotel") on Hotels.com's website, *id.* ¶¶ 6,9; that Hotels.com acted at all times relevant to the Complaint in concert with H10, the owner of the Hotel, *id.* ¶ 7; that all of the Defendants and all of the Plaintiffs entered into a single contract together on January 13, 2008, *id.* ¶ 9; that Plaintiffs were refused a room at the Hotel on February 19, 2008, because the Hotel was "oversold", *id.* ¶ 11; that the Defendants thereby breached their contract with the Plaintiffs, *id.* ¶¶ 12-13; that Defendants committed fraud by intentionally

-3-

selling to Plaintiffs a reservation at the Hotel while knowing that too many reservations had been sold to be honored, *id.* ¶¶ 14-19; and that Defendants have been unjustly enriched at the expense of the Plaintiffs, *id.* ¶¶ 20-22.

f.  Plaintiffs do not provide an aggregate figure for the total amount of damages sought in connection with their three causes of action, which sound, respectively, in contract, *id.* ¶¶ 1-13; fraud, *id.* ¶¶ 14-19; and unjust enrichment, *id.* ¶¶ 20-22.  However, each of the three causes of action indicates that the amount sought for that individual cause of action exceeds $25,000. *Id.* ¶¶ 13 ("[A]s a result of the aforementioned breach [of contract], the defendant is liable to the plaintiffs ... for both actual and consequential damages which is ***an amount in excess of the jurisdictional monetary limitations of all lower courts***." (emphasis supplied)), 19 ("[A]s a result of the aforementioned fraud, the defendant is liable to the plaintiffs ... for actual, consequential, and punitive damages which ***is an amount in excess of the jurisdictional monetary limitations of all lower courts***." (emphasis supplied)), 22 ("[A]s a result of the Defendants' unjust enrichment, plaintiffs has sustained damages in an ***amount in excess of the jurisdictional monetary limitations of all lower courts***." (emphasis supplied)).  For New York City, the relevant lower court is the New York City Civil Court, which has a "jurisdictional monetary limitation" of $25,000 in damages.  N.Y. Const. Art. 6, § 15b (McKinney 2002).

g.  Pursuant to Second Circuit precedent, "[d]ifferent state claims brought by a single plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement." *Colavito v. New York Organ Donor Network,*

*Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citing *Hall v. EarthLink*, 396 F.3d 500, 507 (2d Cir. 2005) and *Wolde Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 61-62 (2d Cir.1999)). Based on the aggregation of the three causes of action (each of which seeks an amount in excess of $25,000), the amount put in controversy by the Complaint exceeds the $75,000 jurisdictional minimum set forth in to 28 U.S.C. § 1332(a).

h.   Moreover, claims against multiple defendants can be aggregated for the purpose of measuring the amount in controversy where, as here, the plaintiff seeks to hold the defendants jointly liable. *See, e.g., Crouch v. Atlas Van Lines, Inc.*, 834 F. Supp. 596, 604 (N.D.N.Y. 1993) (Court "can aggregate claims against two or more defendants who are jointly liable"). Here, the Complaint avers that H10 and Hotels.com "were acting in concert", that they were both parties to the contract at issue, that they "intentionally induc[ed] ... the Plaintiffs ... into purchasing prepaid hotel room reservations for which they had not intention of honoring", and that they both have been "unjustly enriched at the expense of the Plaintiffs." Compl. ¶¶ 7,9,15,21. Since the Complaint seeks to hold Hotels.com and H10 jointly liable, aggregation of the claims against both defendants is appropriate for the purpose of determining the amount in controversy.

i.   Plaintiffs aver that they are entitled to punitive damages in connection with their fraud cause of action. Compl. ¶ 19. It is well established that "'if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied.'" *Rodriguez v. Kulcsar*, No. 07 Civ. 251 (DLC), 2007

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

RAMON GARCIA and CARMEN GARCIA,

                Plaintiffs,

      -against-

HOTELS.COM L.P. and
CORPORACION H10 HOTELS,S.L.,

                Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

**08106980**

S I R S / M A D A M S:

Plaintiffs, RAMON GARCIA and CARMEN GARCIA, by their attorney, WILLIAM

J. RITA, ESQ., hereby sets forth and alleges upon information and belief, as follows:

### *AS AND FOR THE FIRST CAUSE OF ACTION FOR AND ON BEHALF OF THE PLAINTIFFS, RAMON GARCIA AND CARMEN GARCIA*

#### *Breach of Contract*

1. That at all times hereinafter mentioned, the plaintiffs RAMON GARCIA and
CARMEN GARCIA were and still are residents of the County of New York, City
and State of New York.

2. That at all times hereinafter mentioned, the defendant HOTELS.COM L.P. is an
unlicensed, foreign corporation.

3. That at all times hereinafter mentioned, the defendant HOTELS.COM L.P. is
engaged in the business of matching hotels with prospective hotel guests via its
interactive, internet website whereon financial information is exchanged and
prepaid reservations are purchased.

4. The Defendant HOTELS.COM L.P. regularly does business in the state of New York via its internet website, and has purposely availed its services in the state of New York.

5. That at all times hereinafter mentioned, the defendant CORPORACION H10 HOTELS,S.L. is an unlicensed, foreign corporation.

6. That at all times hereinafter mentioned, the defendant CORPORACION H10 HOTELS,S.L. owned the Ocean Blue Golf & Beach Resort in Punta Cana, Dominican Republic.

7. That at all times hereinafter mentioned, the defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. were acting in concert to secure prepaid hotel reservations from prospective hotel guests.

8. The Defendant CORPORACION H10 HOTELS, S.L. has purposely availed itself to transacting business in the state of New York via HOTELS.COM L.P.'s website.

9. On or about January 13, 2008, plaintiffs RAMON GARCIA and CARMEN GARCIA, and defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. transacted business by entering into a contract negotiated and executed within the state of New York via the internet. To Wit: The Plaintiff RAMON GARCIA used his credit card to purchase a prepaid hotel reservation at the Ocean Blue Golf & Beach Resort on the HOTELS.COM website within the state of New York.

10. Plaintiffs RAMON GARCIA and CARMEN GARCIA paid valuable consideration to secure a reservation at the Ocean Blue Golf & Beach Resort for two nights with a check-in date of February 19, 2008, traveled to said destination

at his own expense, and in reliance upon said prepaid reservation that a room would be available to him.

11. When Plaintiff RAMON GARCIA arrived at the Ocean Blue Golf & Beach Resort on February 19, 2008 he was refused a room because the hotel was "oversold."

12. That as a result of aforementioned breach of contract, the plaintiffs, RAMON GARCIA and CARMEN GARCIA were caused to be damaged in loss of the benefit of the agreed to hotel stay, loss of the enjoyment of his vacation, expenses incurred on travel in reliance of the prepaid reservation, as well as, the stress and aggravation of being denied a hotel room he paid for in advance after a long trip.

13. That as a result of the aforementioned breach, the defendant is liable to the plaintiffs, RAMON GARCIA and CARMEN GARCIA for both actual and consequential damages which is an amount in excess of the jurisdiction monetary limitations of all lower courts.

## AS AND FOR THE SECOND CAUSE OF ACTION FOR AND ON BEHALF OF THE PLAINTIFFS, RAMON GARCIA AND CARMEN GARCIA

### Fraud

14. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "13", inclusive, with the same force and effect as if hereinafter more fully set forth at length herein.

15. The Defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. have been intentionally inducing the public, and specifically the Plaintiffs, into purchasing prepaid hotel room reservations for which they had no intention of honoring.

16. The Defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. have been selling the public, and in particular the Plaintiffs, prepaid hotel reservations for rooms that have been sold to multiple parties and that can only be occupied by one party.

17. The Defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. have caused the public, and specifically the Plaintiffs, to rely on the prepaid hotel reservations knowing that too many reservations have been sold to be honored and that hotel guests will travel long distances on said reliance.

18. That as a result of aforementioned fraud, the plaintiffs, RAMON GARCIA and CARMEN GARCIA were caused to be damaged in loss of the benefit of the agreed to hotel stay, loss of the enjoyment of their vacation, expenses incurred on travel in reliance of the prepaid reservation, as well as, the stress and aggravation of being denied a hotel room they paid for in advance after a long trip.

19. That as a result of the aforementioned fraud, the defendant is liable to the plaintiffs, RAMON GARCIA and CARMEN GARCIA for actual, consequential, and punitive damages which is an amount in excess of the jurisdiction monetary limitations of all lower courts.

### _AS AND FOR THE THIRD CAUSE OF ACTION_
### _FOR AND ON BEHALF OF THE PLAINTIFFS,_
### _RAMON GARCIA AND CARMEN GARCIA_

#### _Unjust Enrichment_

20. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "19", inclusive, with the same force and effect as if hereinafter more fully set forth at length herein.

21. The Defendants HOTELS.COM L.P. and CORPORACION H10 HOTELS, S.L. have been unjustly enriched at the expense of the Plaintiffs, RAMON GARCIA and CARMEN GARCIA through the transactions having occurred over said prepaid hotel reservation of February 19, 2008

22. That, as a result of Defendants' unjust enrichment, plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all lower courts in the State of New York.

**WHEREFORE,** plaintiffs demand judgment against the defendants on the First Cause of Action in an amount in excess of the jurisdictional limits of all lower courts in the State of New York, on the Second Cause of Action in an amount in excess of the jurisdictional limits of all lower courts in the State of New York, and on the Third Cause of Action in an amount in excess of the jurisdictional limits of all lower courts in the State of New York together with interest, plus the costs and disbursements of these causes of action.

Dated: New York, New York
       May 19, 2008

Your etc.,

_____
William J. Rita, Esq.
Attorney for Plaintiff
291 Broadway, Suite 1006
New York, NY 10007
(212) 766-1001

STATE OF NEW YORK

DOCUMENTS SERVED WITH INDEX # 106980/08

ATTORNEY(S) , William J Rita Esq.

NEW YORK COUNTY

AND FILED ON MAY 20, 2008

SUPREME COURT

Michelle Bower
Michelle Barron
Michelle Admin Asst.

**Ramon Garcia and Carmen Garcia**

vs

**Hotels.com, LLC and Corporacion H10 Hotels, S.L.**

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF TEXAS          COUNTY OF          , SS.:

*Keith Stalcup* , being duly sworn deposes and says deponent is not a party herein,

and is over the age of eighteen years. That on *June 2, 2008* at *2:10* P M

at *10440 N. Central Expressway, Suite 400 Dallas TX* deponent (did, ~~did not~~) serve the within

Summons & Verified Complaint

on: _____ Hotels.Com LLC _____ , _____ Defendant (herein called recipient) therein named.

#1 INDIVIDUAL ☐  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORP. ☐  A _____ corporation, by delivering thereat a true copy of each to *Hotels. Com LLC* personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be *Michelle Brown* thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

#3 SUITABLE AGE PERSON ☐  By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's  [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state

#4 AFFIXING TO DOOR ☐  By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

#5 MAILING COPY ☐  On _____ deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

Deponent called at the aforementioned address on the following dates and times:

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

#6 NON-SERVICE ☐  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person being served because of the following:
[ ] Unknown at Address  [ ] Evading  [ ] Moved left no forwarding  [ ] Address does not exist  [ ] Other

#7 DESCRIPTION ☐ (use with #1, 2 or 3)  A description of the Defendant, or other person served, on behalf of the Defendant is as follows:
Sex *Female* Color of skin *Brown* Color of hair _____ Approx.Age *28* Approx.Height *5'* Approx. weight *120* Other _____

#8 WIT. FEES ☐  $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this

*2* day of *June, 2008*

*Keith Lowery*
Notary Public

FILED
JUN 1 0 2008
COUNTY NEW YORK
CLERK'S OFFICE

*K.S. Stalcup*
SCA 1171

KEITH LOWERY
Notary Public, State of Texas
My Commission Expires 07-10-10

Invoice·Work Order # 0810160

ALEXANDER, POOLE & CO., INC. • 11 NORTH PEARL STREET • ALBANY, NEW YORK, 12207